UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEMUEL L. COOPER,

    Plaintiff,

v.                                     Case No. 5:24-cv-32-TKW/MJF

HEATH HOLLAND,

    Defendant.
                                                /

## REPORT AND RECOMMENDATION

Plaintiff alleges that Defendant Heath Holland—the warden of the Jackson Correctional Institution—violated the Eighth Amendment when he failed to address water intrusion and inadequate heat in Plaintiff's cell. The undersigned screened Plaintiff's second amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff fails to state a facially plausible claim for relief. The District Court, therefore, should dismiss this civil action.

### I. BACKGROUND

On February 5, 2024, Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this civil action against Defendants M. Brewer and

Heath Holland. Doc. 1. On February 28, 2024, Plaintiff filed his first amended complaint. Doc. 5; *see* Fed. R. Civ. P. 15(a).

### A. The Undersigned's Order to Amend the Complaint

The undersigned screened Plaintiff's first amended complaint and identified several deficiencies. As relevant to this report and recommendation, Plaintiff failed to plausibly allege a "conditions-of-confinement" claim because Plaintiff did not allege that Defendants acted with deliberate indifference. Doc. 16 at 4–6. On June 13, 2024, the undersigned ordered Plaintiff to file a second amended complaint to correct this deficiency—if the facts would permit such an amendment. *Id.* at 6, 12.

### B. Plaintiff's Second Amended Complaint

On June 28, 2024, Plaintiff filed his second amended complaint and named as a defendant only Heath Holland. Doc. 18.

Plaintiff asserts Holland violated the Eighth Amendment when he acted with deliberate indifference to the conditions of Plaintiff's cell. *Id.* at 8. Plaintiff alleges that on December 24, 2023, unidentified FDC staff placed Plaintiff in segregation. *Id.* at 5. Plaintiff's cell did not have heat.

Furthermore, when it rained, water intruded into the cell. Plaintiff endured these conditions for two weeks. *Id.* at 7.

Plaintiff notified several "John Doe Officers" about the substandard conditions of his cell. *Id.* at 5. Plaintiff asserts that these John Doe Officers did nothing to correct the problems. *Id.*

On January 8, 2024, Plaintiff filed an informal grievance about his cell conditions. *Id.* On January 10, 2024, Brewer approved the grievance and forwarded the grievance to the maintenance department for further review. *Id.* at 5, 21. On January 12, 2024, Plaintiff filed a second informal grievance. *Id.* at 24. Brewer approved the grievance to the extent that Brewer corrected the grievance record relating to the informal grievance of January 8, 2024. *Id.*

Plaintiff asserts that because Holland is the warden of Jackson Correctional Institution, Holland is liable for the conduct of the John Doe Officers and Brewer. *Id.* at 5.

## II. Discussion

### A. Standard for Dismissal

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion

thereof, if the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).

Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court must accept all well-pleaded factual allegations of the complaint as true and must evaluate all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

B. **Plaintiff's Eighth-Amendment Claim**

A plaintiff may not assert a § 1983 claim "against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994). Supervisors are "liable under

§ 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation.'" *Keating*, 598 F.3d at 762 (quoting *Gonzales v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is *extremely rigorous*." *Doe v. School Bd. of Broward Cnty.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (emphasis added).

### 1.  *Failure to Allege Personal Participation*

An Eighth-Amendment conditions-of-confinement claim has two elements: one objective and one subjective element. *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). As to the objective element, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to" violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). To satisfy the subjective element, a plaintiff must allege that the defendant acted with "deliberate indifference." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

Here, Plaintiff has failed to allege the subjective element. To allege deliberate indifference, a plaintiff must allege that the defendant "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, ___ F.4th ___, 2024 WL 3354963, at *7 (11th Cir. July 10, 2024). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008); *accord Gray v. City of Detroit,* 399 F.3d 612, 616 (6th Cir. 2005); *Whiting v. Marathon County Sheriff's Dep't,* 382 F.3d 700, 704 (7th Cir. 2004). Thus, when assessing whether a plaintiff has adequately pleaded deliberate indifference, "[e]ach individual Defendant must be judged separately and on the basis of what that person knows." *Burnette*, 533 F.3d at 1331.

Plaintiff asserts that Holland was subjectively aware of the inadequate living conditions for three reasons. First, Plaintiff notes that Plaintiff informed several "John Doe Officers" of the conditions of his cell. Doc. 18 at 5. The John Doe Officers' knowledge, however, cannot be imputed to Holland. *Burnette*, 533 F.3d at 1331.

Second, Plaintiff asserts that Holland was aware of the conditions of Plaintiff's cell because Plaintiff wrote an informal grievance about these conditions. Doc. 18 at 5, 21. But Brewer—not Holland—responded to Plaintiff's informal grievance. *Id.* at 21. Brewer's knowledge cannot be imputed to Holland. *Burnette*, 533 F.3d at 1331. Furthermore Plaintiff's complaint is devoid of any allegation that Holland saw, read, or was even aware of Plaintiff's informal grievance.

Third, Plaintiff states that Holland had knowledge because "cell inspection procedure clearly showed Defendant that the cell was not fit . . . for living conditions." Doc. 18 at 7. Plaintiff, however, does not provide any further facts. Specifically, Plaintiff does not identify:

- the nature and extent of cell inspections;
- the frequency with which cells are inspected;
- the person(s) who inspected Plaintiff's cell, if any; and
- whether Holland ever personally inspected Plaintiff's cell, and if so, when Holland inspected Plaintiff's cell and the extent of this inspection.

A complaint that offers only "'naked assertion[s]' devoid of 'further factual enhancement'" does not meet the Rule 8(a)(2) standard. *Ashcroft*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Therefore, Plaintiff has failed to allege that Holland personally participated in the alleged unconstitutional conduct.

### 2.   *Failure to Allege a Causal Connection*

Plaintiff has failed to state a claim in yet a second respect: He failed to allege a causal connection between Holland's conduct and the alleged violation of the Eighth Amendment.

To allege a causal connection between a supervisor's conduct and a constitutional violation, a plaintiff must allege "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Keating*, 598 F.3d at 762 (quoting *Gonzalez*, 325 F.3d at 1235). Plaintiff's complaint is devoid of any facts that would suggest Holland directed his subordinates to act unlawfully. Plaintiff also has not alleged that Holland knew his subordinate acted unlawfully and that Holland failed to stop them from doing so. Thus, for this reason too, Plaintiff has failed to state a claim upon which relief can be granted.

## III. Conclusion

The undersigned afforded Plaintiff an opportunity to correct deficiencies in his first amended complaint. Plaintiff submitted a second amended complaint that failed to correct the deficiencies. Because Plaintiff fails to state a claim for relief against Warden Heath Holland, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 22nd day of July, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only**

**and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**